http://www.va.gov/vetapp16/Files3/1621741.txt

Citation Nr: 1621741 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 12-18 177 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas

THE ISSUE

Entitlement to an evaluation in excess of 30 percent for bilateral hearing loss.

REPRESENTATION

Veteran represented by: Texas Veterans Commission

WITNESSES AT HEARING ON APPEAL

Veteran, C.D., and G.D.

ATTORNEY FOR THE BOARD

M. Young, Counsel

INTRODUCTION

The Veteran had active service from April 1944 to January 1946. This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision rendered in April 2011 by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. 

This appeal has been advanced on the Board's docket. 38 U.S.C.A. § 7107(a)(2) (West 2014); 38 C.F.R. § 20.900(c) (2015).

FINDING OF FACT

The Veteran's bilateral hearing loss has been manifested by no worse than Level VIII hearing acuity in the right ear and Level V hearing acuity in the left ear.

CONCLUSION OF LAW

The criteria for an evaluation in excess of 30 percent for bilateral hearing loss have not been met. 38 U.S.C.A. §§ 1155, 5103A, 5107 (West 2014); 38 C.F.R. §§ 4.85, 4.86, Diagnostic Code 6100 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.159 (2015); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). 

The Veteran filed his present claim seeking an increased evaluation for his service-connected bilateral hearing loss, evaluated as 10 percent disabling at that time. He asserted that his hearing loss continued to increase in severity and he was "practically deaf." In an October 2015 rating decision, the evaluation for the Veteran's service-connected bilateral hearing loss disability was increased to 30 percent. 

Disability evaluations are determined by comparing a Veteran's present symptomatology with criteria set forth in VA's Schedule for Rating Disabilities (Rating Schedule), which is based on average impairment in earning capacity. 38 U.S.C.A. § 1155; 38 C.F.R. Part 4 (2015). Evaluations of hearing loss range from noncompensable to 100 percent, based upon organic impairment of hearing acuity as measured by the results of controlled speech discrimination tests, together with the average hearing threshold level as measured by puretone audiometry tests in the frequencies 1000, 2000, 3000, and 4000 Hertz. 38 C.F.R. § 4.85. To evaluate the degree of disability for service-connected bilateral hearing loss, the Rating Schedule establishes eleven auditory acuity levels, designated from Level I through Level XI, for profound deafness. 38 C.F.R. § 4.85, Diagnostic Code 6100. 

The Rating Schedule also provides for rating exceptional patterns of hearing impairment. 38 C.F.R. § 4.86 (2015). If the puretone threshold is greater than 55 decibels at each of four specified frequencies, 1000 Hertz, 2000 Hertz, 3000 Hertz and 4000 Hertz, VA must determine the Roman numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral, with each ear evaluated separately. 38 C.F.R. § 4.86(a). If the puretone threshold is 30 decibels or less at 1000 Hertz and simultaneously 70 decibels or more at 2000 Hertz, VA must determine the Roman numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral. That numeral will then be elevated to the next highest numeral for consideration, with each ear evaluated separately. 38 C.F.R. § 4.86(b). 

An October 2009 VA audiogram indicated pure tone thresholds, in decibels, as follows:

HERTZ

1000
2000
3000
4000
AVG.
RIGHT
35
60
80
85
65
LEFT
30
60
70
75
59

Speech audiometry revealed speech recognition ability of 68 percent in the right ear and of 88 percent in the left ear. The examiner diagnosed mild to profound right ear sensorineural hearing loss and mild to severe left ear sensorineural hearing loss.

Using Table VI, VA audiological examination demonstrates that the Veteran's hearing impairment was manifested by Level V hearing acuity in the right ear and Level III hearing acuity in the left ear. See 38 C.F.R. § 4.85, Table VI. Using Table VII, combining Level V right ear hearing acuity with Level III left ear hearing acuity results in a 10 percent evaluation for bilateral hearing loss. See 38 C.F.R. § 4.85, Table VII, Diagnostic Code 6100. The right and left ear hearing loss shown in this audiological examination does not qualify as an exceptional pattern of hearing impairment. See 38 C.F.R. § 4.86. 

A September 2010 VA audiogram indicated pure tone thresholds, in decibels, as follows:

HERTZ

1000
2000
3000
4000
AVG.
RIGHT
35
65
80
85
66
LEFT
30
60
70
75
59

Speech audiometry revealed speech recognition ability of 80 percent in the right ear and of 84 percent in the left ear. The examiner diagnosed moderately severe sensorineural hearing loss, bilaterally.

Using Table VI, VA audiological examination demonstrates that the Veteran's hearing impairment was manifested by Level IV hearing acuity in the right ear and Level III hearing acuity in the left ear. See 38 C.F.R. § 4.85, Table VI. Using Table VII, combining Level IV right ear hearing acuity with Level III left ear hearing acuity results in a 10 percent evaluation for bilateral hearing loss. See 38 C.F.R. § 4.85, Table VII, Diagnostic Code 6100. The right and left ear hearing loss shown in this audiological examination does not qualify as an exceptional pattern of hearing impairment. See 38 C.F.R. § 4.86. 

A July 2015 VA audiogram indicated pure tone thresholds, in decibels, as follows:

HERTZ

1000
2000
3000
4000
AVG.
RIGHT
40
70
80
85
69
LEFT
35
60
80
80
64

Speech audiometry revealed speech recognition ability of 50 percent in the right ear and of 72 percent in the left ear. The examiner diagnosed sensorineural hearing loss, bilaterally.

Using Table VI, VA audiological examination demonstrates that the Veteran's hearing impairment was manifested by Level VIII hearing acuity in the right ear and Level V hearing acuity in the left ear. See 38 C.F.R. § 4.85, Table VI. Using Table VII, combining Level VIII right ear hearing acuity with Level V left ear hearing acuity results in a 30 percent evaluation for bilateral hearing loss. See 38 C.F.R. § 4.85, Table VII, Diagnostic Code 6100. The right and left ear hearing loss shown in this audiological examination does not qualify as an exceptional pattern of hearing impairment. See 38 C.F.R. § 4.86. 

Based on the above, a rating in excess of 30 percent for the Veteran's service-connected bilateral hearing loss is not warranted at any time during the appeal period. Hart v. Mansfield, 21 Vet. App. 505 (2007).

In reaching the above conclusions, the Board has considered the Veteran's statements regarding the severity of his service-connected bilateral hearing loss disability. On this point, the Veteran's hearing loss is manifested by difficulty understanding conversations in public environments, social gatherings, on the phone, while watching television and attending church. At the March 2015 hearing before the Board he stated that his hearing loss caused frustration, isolation, and irritability. The Veteran's statements are competent evidence on factual matters of which he has first-hand knowledge, such as experiencing increased difficulty hearing. Washington v. Nicholson, 19 Vet. App. 362 (2005). However, while the Board may consider the Veteran's subjective statements regarding the increasing severity of his disability, these complaints were considered by the medical professionals that examined him and provided clinical findings. Martinak v. Nicholson, 21 Vet. App. 447 (2007). 

In evaluating service-connected hearing loss, disability ratings are derived by a mechanical application of the rating schedule to the numeric designations assigned after an audiometric evaluation is performed. See Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992). An audiometric evaluation requires medical expertise. The Board finds the objective audiometric findings and opinions provided by VA audiologists are afforded the greater probative weight. The probative value of audiometric examination evidence is based on the medical expert's personal examination of the Veteran, the audiologist's knowledge and skill in analyzing the data, and the medical conclusion the audiologist reaches. 

Generally, evaluating a disability using either the corresponding or analogous diagnostic codes contained in the Rating Schedule is sufficient. See 38 C.F.R. §§ 4.20, 4.27. Because the ratings are averages, it follows that an assigned rating may not completely account for each individual Veteran's circumstance, but nevertheless would still be adequate to address the average impairment in earning capacity caused by disability. Thus, in exceptional cases where the rating is inadequate, it may be appropriate to assign an extraschedular rating. 38 C.F.R. § 3.321(b). 

The threshold factor for extraschedular consideration is a finding that the evidence before VA presents such an exceptional disability picture that the available schedular evaluations for that service-connected disability are inadequate. Id.; see Thun v. Peake, 22 Vet. App. 111, 115 (2008). Therefore, initially, there must be a comparison between the level of severity and symptomatology of the Veteran's service-connected disability with the established criteria found in the Rating Schedule for that disability. Id. at 115. If the criteria reasonably describe the Veteran's disability level and symptomatology, then the Veteran's disability picture is contemplated by the Rating Schedule, the assigned schedular evaluation is, therefore, adequate, and no referral is required. See VAOPGCPREC 6-96; 61 Fed. Reg. 66749 (1996) (when service-connected disability affects employment "in ways not contemplated by the rating schedule[,]" § 3.321(b)(1) is applicable).

The Board finds that the Veteran's disability picture is not so unusual or exceptional in nature as to render the assigned rating inadequate. The Veteran's bilateral hearing loss manifests Level VIII hearing acuity in the right ear and Level V hearing acuity in the left ear. When comparing this disability picture with the symptoms contemplated by the Rating Schedule, the Board finds that the Veteran's experiences are congruent with the disability picture represented by disability ratings currently assigned. Evaluations in excess thereof are provided for certain manifestations of bilateral hearing impairment, but the medical evidence demonstrates that those manifestations are not present in this case. The Board has considered the Veteran's bilateral hearing loss under the provisions for exceptional patterns of hearing impairment, however, the criteria for application of the provisions were not met.

The rating criteria contemplate speech reception thresholds and ability to hear spoken words on Maryland CNC testing. The symptoms associated with the Veteran's bilateral hearing loss, such as difficulty hearing, are contemplated by the rating criteria and the medical evidence fails to show anything unique or unusual about the Veteran's bilateral hearing loss that would render the schedular criteria inadequate. The Veteran's main complaint is reduced hearing acuity, which is precisely what is contemplated in the rating assigned. As the available schedular criteria for this service-connected disability are adequate, referral for consideration of an extraschedular rating is not warranted. 

In light of the foregoing, the Board finds that the preponderance of the evidence is against the assignment of an evaluation in excess of 30 percent for bilateral hearing loss throughout the appeal period. Accordingly, the benefit of the doubt doctrine is not for application, and an evaluation in excess of 30 percent for bilateral hearing loss is not warranted. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

ORDER

An evaluation in excess of 30 percent for bilateral hearing loss is denied.

____________________________________________
JOY A. MCDONALD 
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs